COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                     TRIAL COURT
                                                SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| ROBERT L. GREENE,<br><br>　　　　Plaintiff,<br>　v.<br><br>THOMAS GRIFFIN, STEPHEN FABIANO, and presently unidentified JOHN DOE NO. 1 & JOHN DOE NO. 2,<br><br>　　　　Defendants. | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robert L. Greene brings this action for violation of civil rights against Defendants Thomas Griffin and Stephen Fabiano, both of whom are police officers employed by the City of Boston, along with two other unidentified Boston police officers (hereinafter collectively referred to as "Defendants"), based on their use of excessive force in arresting Greene without a reasonable basis. As grounds for this complaint, Plaintiff states and alleges as follows:

### INTRODUCTION

1.　On New Year's Day in 2010, Plaintiff Robert L. Greene (hereinafter referred to as "Greene") was approached by several members of the Boston Police department on suspicion of drug activity, though he was never charged for a drug-related offense. As the officers approached Mr. Greene, a verbal altercation ensued. The

officers made offensive remarks to Greene, to which he responded verbally. Sensing that the officers were visibly enraged, Greene fled. The officers immediately exited the police cruiser and chased him. At the direction of the officers, Greene stopped running. The officers then swarmed Greene and severely beat him. Greene was only charged in connection with his efforts to flee from and avoid the beating he received, and those charges were dismissed.

2. Through this action, Greene seeks relief for the violation of his civil rights at the hands of the Boston police officers who beat him. These officers are Defendants Thomas Griffin, Stephen Fabiano, and two others who are presently unidentified.

## JURISDICTION AND VENUE

3. This action is brought, pursuant to 42 U.S.C. § 1983, G.L c. 12, § 11I, and the common law. The amount in controversy exceeds $25,000. This Court also has exclusive jurisdiction over the plaintiff's claim under G.L. c. 12, 11I, the Mass. Civil Rights Act, pursuant to G.L. c. 12, § 11H

4. The acts giving rise to this civil action took place within three (3) years of the filing of this Complaint, and occurred within Suffolk County, Massachusetts.

## PARTIES

5. Plaintiff Robert L. Greene is a citizen of the Commonwealth of Massachusetts and a resident of 444 Harrison Avenue, Boston, MA 02118.

6. Defendant Thomas Griffin, ("Officer Griffin"), whose true address is unknown to the Plaintiff, is a duly appointed officer of the City of Boston Police

Department. At all times material to this Complaint, Officer Griffin was acting within the scope of his employment under the color of state law. He is sued in his individual capacity.

7. Defendant Stephen Fabiano, ("Officer Fabiano"), whose true address is unknown to the Plaintiff, is a duly appointed officer of the City of Boston Police Department. At all times material to this Complaint, Officer Fabiano was acting within the scope of his employment under the color of state law. He is sued in his individual capacity.

8. Defendants John Doe No. 1 and No. 2, whose names and addresses are currently unknown to the plaintiff, are duly appointed officers of the City of Boston Police Department. At all times material to this Complaint, John Doe No. 1 and No. 2 were acting within the scope of their employment under the color of state law. They are sued in their individual capacities.

## FACTS

9. On January 1, 2010, at approximately 6:45 p.m., the plaintiff was walking westbound on East Berkley Street. His destination was Copley Square.

10. At that time, Defendants were patrolling the area of Washington Street and East Berkley Street in Boston, Massachusetts in an unmarked police cruiser. The Defendants claim they observed what they thought to be a hand-to-hand drug transaction between Greene and another man, who were both on foot.

11. The defendants approached Greene in an unmarked police cruiser as he was walking down East Berkley Street. The driver of the unmarked cruiser identified himself as police and asked Greene where he was going. Greene responded, and this elicited an offensive remark directed at Greene from one of the Defendants. Greene, who at this point was not under arrest, verbally responded to the offensive remark.

12. This remark caused the Defendants to become visibly enraged. Fearing for his safety, Greene began running down East Berkeley Street towards Washington Street. Defendants exited the police cruiser and ran after him.

13. After one of the Defendants shouted "Hold it or I'll shoot," Greene stopped running, and all four Defendants descended on him.

14. The Defendants struck Greene repeatedly on both sides of his head, causing him to fall face down onto the sidewalk. Greene was handcuffed and his legs were tied together with plastic restraints while one of the Defendants was sitting on him. That Defendant forcefully pushed Greene's head into the sidewalk at least three times, causing him to suffer a serious head injury.

15. Greene sustained a laceration to the right side of his head, causing him to bleed profusely, and contusions to the left side of his face.

16. Instead of being examined by an Emergency Medical Technician, Greene was transported to the District D-4 police station for booking.

17. After being booked, Greene was taken by ambulance to Tufts Medical Center, where he received treatment for his injuries.

18.     Defendant Officer Griffin filed an Application for Criminal Complaint on January 4, 2010, alleging two counts of assault and battery on a police officer, resisting arrest and disorderly conduct. Greene was not charged with a drug-related offense.

19.     The charges against Greene were dismissed due to the Commonwealth's failure to produce discovery, including Use of Force reports which the Boston Police Department requires officers to complete.

20.     Greene has received treatment of the physical, neurological, and psychiatric injuries sustained during this incident on several occasions, both at Tufts and through his primary care physician.

## CAUSES OF ACTION

### COUNT I
VIOLATION OF FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS
BY DEFENDANT LAW ENFORCEMENT OFFICERS (42 U.S.C. § 1983)

21.     Plaintiff incorporates by reference the foregoing paragraphs as if restated herein.

22.     The defendants directly and proximately caused the following by acting alone or in concert with one another:

(a)     Violation of Greene's clearly established Fourth and Fourteenth Amendment right to be free from unreasonable seizure by: (i) seizure without probable cause to believe the plaintiff had committed a crime; (ii) using a degree of force that was unreasonable under the circumstances;

and/or (iii) failing to intervene and/ or ameliorate the physical attack on Greene when an opportunity to do so existed.

(b) Violation of Greene's clearly established Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment by: (i) using a degree of force that was unreasonable under the circumstances; and/or (ii) failing to provide timely and/or adequate medical services.

(c) Violation of Greene's clearly established Fourteenth Amendment right to due process of law by a deprivation of life and liberty without fair procedure by: (i) using a degree or force that was unreasonable under the circumstances; and /or (ii) failing to intervene and / or ameliorate the physical attack upon Greene when an opportunity existed to do so; and/or (iii) failing to provide timely and adequate medical services; and

(d) Other tortious activity that rises to the level of constitutional violations.

## COUNT II
## MASSACHUSETTS CIVIL RIGHTS ACT
## (G.L. c. 12 § 11I)

23. Plaintiff incorporates by reference the foregoing paragraphs as if restated herein.

24. The conduct of the Defendants described in Count 1 also constitutes interference with the plaintiff's civil rights by threats, intimidation or coercion, in violation of the Massachusetts Civil Rights Act, G.L. c. 12, § 11I.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates by reference the foregoing paragraphs as if restated herein.

26. The Defendants, acting alone or in concert with one another, acted intentionally in physically assaulting the plaintiff and depriving him of timely medical care.

27. Defendants' conduct was extreme and outrageous.

28. Plaintiff has sustained (and continues to sustain) extreme emotional suffering as a direct and proximate result of the acts and omissions of the Defendants.

29. Plaintiff has suffered, and continues to suffer, severe emotional distress, resulting in physical, psychiatric and emotional symptoms.

## COUNT IV
### ASSAULT & BATTERY

30. Plaintiff incorporates by reference the foregoing paragraphs as if restated herein.

31. The defendants' use of excessive force in arresting the plaintiff, acting alone or in concert with one another, constituted common law assault and battery.

## COUNT V
### FALSE ARREST

32. Plaintiff incorporates by reference the foregoing paragraphs as if restated herein.

33. The defendants' arrest of the plaintiff was unjustified and lacking in probable cause.

### REQUESTS FOR RELIEF

WHEREFORE, the plaintiff, Robert L. Greene, requests that this Court:

a. Award judgment against defendants as to Count One, including punitive damages and attorney's fees, as provided by 42 U.S.C. § 1988.

b. Award judgment against defendants as to Count Two, including compensatory damages and attorney's fees, as provided by G.L. c. 12 § 11I.

c. Award judgment against defendants as to Count Three, including punitive damages.

d. Award judgment against defendants as to Count Four, including punitive damages.

e. Award judgment against defendants as to Count Five, including punitive damages.

f. Award any other relief that this Court deems appropriate.

## JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

PLAINTIFF ROBERT L. GREENE,
By his Attorney,

Dated: December 28, 2012

Ilyas J. Rona (BBO# 642964)
John R. Bita III (BBO# 667886)
**MILLIGAN COUGHLIN LLC**
Seven Liberty Square, 2nd Floor
Boston, Massachusetts 02109
Tel: (617) 758-8800
Fax: (866) 708-4703
ijr@milligancoughlin.com
jrb@milligancoughlin.com