UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:13-cv-11080

ROBERT L. GREENE,
          Plaintiff.

v.

THOMAS GRIFFIN, STEPHEN
FABIANO and presently unidentified
JOHN DOE NO. 1 & JOHN DOE NO. 2,[1]
          Defendants.

## PROTECTIVE ORDER

1.    With respect to the documents that will hereinafter be produced through discovery, the party producing such documents may identify such documents as containing Confidential Information. Documents with such confidential information shall be clearly marked "CONFIDENTIAL."[2] Any party may challenge any other party's designation of Confidential Information on motion to the Court. The party challenging the designation shall treat it as Confidential Information as provided in this Protective Order pending the Court's ruling.

2.    Information designated as Confidential Information shall include sensitive information that is generally unavailable to the public, not readily determinable from other sources, and treated as confidential by the parties by reasons of privacy rights. Confidential information will include, but is not limited to: CORI information, Boston Police Department personnel and employment files, any and all Internal Affairs files and investigations conducted by the Internal

---

[1] Defendants John Doe No. 1 and No. 2 have been dismissed from this action.

[2] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by: (1) marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information; and, (2) describing the group of documents so identified within the appendix created pursuant to Paragraph 1 (again including reference to the total number of pages comprising the group of documents so identified).

Affairs Division of the Boston Police Department, any and all medical records of any employee of the Boston Police Department or City of Boston, any records relating to any personal, financial, medical history of any employee of the Boston Department, City of Boston; and any records relating to or disciplinary history of any employee of the Boston Police Department or City of Boston, and any and all medical records, tax returns and other financial records, and personnel records of any party and any other documents or records designated as confidential by any party.

3.  The parties and their attorneys shall use Confidential Information produced or revealed pursuant to Paragraphs 1 and 2 only for purposes of this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes. The parties and their attorneys shall not disclose any such Confidential Information except to the following entities or groups of persons:

    (i)   The Court under seal pursuant to the Court's granting of a Motion for Impoundment;[3]
    (ii)  Attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, witnesses, employees directly assisting said attorneys of record and the parties;
    (iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and presenting evidence in this litigation or administrative proceeding and further that these restrictions are imposed by court order.

4.  Prior to disclosure of Confidential Information to any of the persons referred to in Paragraph 3(ii), any such person shall first be informed of this Protective Order, shall be informed of his or her obligation pursuant thereto and shall agree to be bound by the terms of this

---

[3] The motion for impoundment will, with respect to a matter which is sought to be impounded (i) set forth a description, in general terms, of the confidential materials for which impoundment is sought and a short statement setting forth the reasons justifying impoundment and will (ii) be accompanied by (a) a redacted version of the document or item containing the confidential materials, to be placed in the court's public files, and (b) an unredacted version of the document or item containing materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

5. Prior to disclosure of Confidential Information to any expert referred to in Paragraph 3(iii), any such expert shall first be informed of this Protective Order, shall be informed of his or her obligation pursuant to this Order, and shall agree, in writing, to be bound by the terms of the Order. Said writing shall be held in the possession of the expert and/or counsel.

6. The attorneys for the parties, their investigators, consultants, independent contractors, employees and experts may make copies of the Confidential Information as needed in the litigation of this case or administrative proceeding.

7. Confidential Information may be shown to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions under the following conditions: if Confidential Information is in any way incorporated into, referenced or cited in deposition testimony, a deposition transcript or any exhibits thereto, said testimony, transcript and exhibits shall be treated in the same manner as Confidential Information itself and thus be subject to the restrictions on disclosure set forth in Paragraph 3 through 6.

8. Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial or in any related administrative proceeding by any party. Should a party wish to use Confidential Information in motion practice, this party must move the court for permission to file said Confidential Information under seal.[4]

9. By filing this Protective Order, the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived nor otherwise compromised.

10. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions relating to the Confidential Information shall remain binding on all attorneys of record, their employees, deposition witnesses, experts and others, including stenographers, unless the document becomes part of the public record at trial.

---

[4] Per the procedure defined in footnote 3 and in accordance with Local Rule 7.2.

Further, upon final termination of the above-entitled action, the original Confidential Information, including portions of deposition transcripts and deposition exhibits containing Confidential Information and any and all copies made of the original Confidential Information shall be returned to the producing party upon their request within sixty (60) days.

11. This Order may be modified by further order of this Court upon application to the Court with notice.

June 24, 2013

/s/ Denise J. Casper
Hon. Denise J. Casper
United States District Judge
District of Massachusetts