## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT L. GREENE,**<br>**Plaintiff,**<br><br>v.<br><br>**STEPHEN FABIANO and**<br>**THOMAS GRIFFIN,**<br>          **Defendants.** | **1:13-cv-11080-DJC** |

**DEFENDANTS THOMAS GRIFFIN AND STEPHEN FABIANO'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OFFICER FABIANO'S PRIOR USE OF HIS DEPARTMENT-ISSUED RADIO TO SUBDUE A SUSPECT**

This is an action against Boston Police Officers Stephen Fabiano and Thomas Griffin (hereinafter "Defendant Officers") under 42 U.S.C. § 1983, alleging violations of the Plaintiff's constitutional rights for claims of false arrest and excessive force, as well as common law claims for intentional torts.

The Defendant Officers respectfully request that this Honorable Court exclude any testimony at trial relative to Officer Fabiano's[1] prior use of his Department-issued radio to subdue a suspect. With respect to Plaintiff's claim of excessive force, Officer Fabiano concedes that he struck the Plaintiff in the head with his Department-issued radio but maintains that it was unintentional—that he had intended to strike the Plaintiff's flailing left hand and missed, striking Plaintiff in the head instead. During his deposition, Officer Fabiano testified that he had previously used his Department-issued radio to subdue a gun-wielding suspect. It is anticipated

---

[1] The Defendants also move to exclude testimony by *any* police witness that the witness previously used a police radio to subdue a witness on the grounds that such testimony would consist of inadmissible propensity evidence and be unduly prejudicial and of absolutely no probative value. Fed. R. Evid. 403.

that Plaintiff's counsel will seek to elicit testimony from Officer Fabiano regarding this prior incident to show that Officer Fabiano intentionally, rather than unintentionally, struck the Plaintiff with his Department-radio.

While the prior use of his Department-issued radio (and whether that previous use would have constituted excessive force) *may* be admissible against the City of Boston, for purposes of proving custom, policy or practice, for a *Monell* claim, there is no such *Monell* claim present. Officer Fabiano's prior use of his Department-issued radio is accordingly irrelevant to any issue in the case, unduly prejudicial, without any probative value, would only serve to mislead the jury, and as such, is inadmissible against Officer Fabiano at trial.

As an initial matter, testimony regarding alleged prior acts is inadmissible to prove that Officer Fabiano acted in conformity therewith.   Fed. R. Evid. 404(b).   Further, testimony regarding Officer Fabiano's previous use of his Department-issued radio to subdue a suspect is not relevant to the issues in the case because the subjective intent of the officer is not relevant for purposes of determining the reasonableness of the use of force under the Fourth Amendment. Moreover, testimony regarding Officer Fabiano's prior use of his Department-issued radio to subdue a suspect would be substantially more prejudicial than probative.   Fed. R. Evid. 403. Therefore, any testimony relating to Officer Fabiano's prior use of his Department-issued radio to subdue a suspect should be excluded at trial.

## ARGUMENT

### A.  Pursuant To Fed. R. Civ. P. 404(b) the Court Must *Exclude* Propensity Evidence.

Evidence of Officer Fabiano's prior use of his Department-issued radio is inadmissible propensity evidence pursuant to Fed. R. Evid. 404(b).   Rule 404(b) states, in pertinent part, "Other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to

prove the character of a person in order to show action in conformity therewith." "Rule 404(b) stands for the central principle that evidence of other acts is not admissible to show bad character." *Bonilla v. Yamaha Motors Corp.*, 955 F.2d 150, 154-55 (1st Cir. 1992); *United States v. Espinal*, 757 F.2d 423, 425 (1st Cir. 1985); *Lataille v. Ponte*, 754 F.2d 22, 25 (1st Cir. 1985); Fed. R. Evid. 404(b). "That is the plain meaning of Federal Rule of Evidence 404." *Lataille*, 754 F.2d at 35.

Rule 404(b) provides a framework for determining whether evidence of other bad acts is admissible. First, the court is to consider whether the proffered evidence "has some special relevance which enables it to shed light on a disputed issue in the case, rather than merely to show a defendant's deplorable character or propensity for wrongdoing." *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001). The evidence, however, must not include bad character or propensity as a necessary link in the inferential chain." *United States v. Varoudakis,* 233 F.3d 113, 118 (1st Cir. 2000) (internal quotation marks omitted).

If the proffered evidence passes the "special relevance" screen, it must then be subjected to the rigors of Rule 403. *Id.* "At that stage of the inquiry, the evidence, though relevant, nonetheless may be excluded if its probative value is substantially overbalanced by other considerations." *Udemba,* 237 F.3d at 15. This rule reflects the judgment of the Advisory Committee on the Federal Rule of Evidence that "[c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Lataille,* 754 F.2d at 35.

**B. Officer Fabiano's Prior Use Of His Department-Issued Radio Has No Special Relevance Because Officer Fabiano's State of Mind Is Irrelevant for Purposes of the Fourth Amendment Reasonableness Inquiry.**

Here, the fact that Officer Fabiano previously used his Department-issued radio to subdue a suspect has no special relevance.  Plaintiff may argue that the prior radio strike is relevant to rebuke Officer Fabiano's testimony that he unintentionally struck the Plaintiff in the hand. But that argument is misguided because Officer Fabiano's subjective state of mind is irrelevant for purposes of determining whether the use of force was reasonable.  Whether an officer has used excessive force is analyzed under a standard of objective reasonableness. *Scott v. Harris,* 550 U.S. 372, 381 (2007); *Brower v. County of Inyo,* 489 U.S. 593, 596 (1989); *Alexis v. McDonald's Restaurants,* 67 F.3d 341, 352 (1st Cir. 1995).

Proper application of the test of "objective reasonableness" requires careful attention to the facts and circumstances of the particular case at hand, including the severity of the crime, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor,* 490 U.S. 386, 396 (1989).  Not every push or shove amounts to a constitutional violation. By its nature, police-work obliges officers to make split-second decisions about the amount of force required to effect an arrest; all the while operating under tense, dangerous and rapidly-changing circumstances. *Id.* at 393-94.

In analyzing the reasonableness of the use of force, "[a]n officer's evil intentions will not make a Fourth Amendment violation of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  *Id.* at 397.  "Our [Fourth Amendment] cases have repeatedly rejected a subjective approach, asking only whether the circumstances, viewed objectively, justify the action."  *Kentucky v. King,* --

*U.S. – 131 S. Ct. 1849, 1859 (2011)* (internal quotation marks and citations omitted). Thus, courts determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397; *see also Bastien v. Goddard,* 279 F.3d 10, 14 (1st Cir. 2002) (the officer's subjective intent or motivation is not relevant to the reasonableness inquiry under the Fourth Amendment).

Here, there is no dispute that Officer Fabiano struck the Plaintiff in the head with his Department-issued radio. The dispute is whether the strike was intentional or unintentional. It is anticipated that the Plaintiff will seek to admit Officer Fabiano's prior use of his Department-issued radio to subdue a suspect to show that Officer Fabiano intended to strike the Plaintiff in the head with his radio this time. In other words, the Plaintiff seeks to use the prior incident to show that Officer Fabiano was acting in conformity with his prior intent to strike a suspect on the head with his radio and therefore, he must have done it intentionally this time, too. This would amount to classic propensity evidence and it should be excluded.

Further, and most importantly, Officer Fabiano's subjective state of mind is not relevant for purposes of the Fourth Amendment analysis. "The relevant inquiry is not whether [Officer Fabiano] intended to injure the plaintiff, and thus whether it was an accidental or an intentional [use of force]; the officer's subjective intent is not the issue. *Stamps v. Town of Framingham,* 38 F.Supp.3d 146, 153 (D. Mass. 2014) (Saylor, J.). Instead, the relevant inquiry is "whether [Officer Fabiano's] conduct leading up to the radio strike was objectively reasonable under the circumstances." *Id.* In cases where the degree of force used by the officer was mistaken, courts have held that the intentions of the officer are irrelevant. *Brower v. County of Inyo,* 489 U.S. 593, 596 (1989). Rather, the objective reasonableness of the officer's actions are at issue. *See*

*Henry v. Purnell,* 652 F.3d 524, 532 (4th Cir. 2011) ("it is not the honesty of [the officer's] intentions that determines the constitutionality of his conduct; rather it is the objective reasonableness of his actions. It is certainly true that mistaken, but reasonable, decisions do not transgress constitutional bounds.").   Thus, the only relevant inquiry on this topic is whether Officer Fabiano's actions leading up to the moment he struck the Plaintiff in the head were reasonable.  *Stamps v. Town of Framingham*, 38 F. Supp. 3d 146, 152-53 (D. Mass. 2014).

Therefore, evidence that Officer Fabiano intentionally struck a suspect in the head with his Department-issued radio on a prior occasion cannot be used to show "intent" or "absence of mistake" pursuant to Rule 404(b) because Officer Fabiano's state of mind is not relevant to the Fourth Amendment reasonableness inquiry.

**C. Even if Officer Fabiano's Subjective Intent Were Relevant To The Fourth Amendment Reasonableness Inquiry, the Introduction Of His Prior Use of His Department-Issued Radio Would Be Unfairly Prejudicial And Outweigh Any Probative Value Under a Rule 403 Balancing Test.**

Even if Officer Fabiano's state of mind were relevant to the inquiry, the prejudicial effect of Officer Fabiano's prior use of his Department-issued radio to subdue a suspect would substantially outweigh the probative value under the Rule 403 balancing test.  *U.S. v. Mateos-Sanchez*, 864 F.2d 232 (1st Cir. 1988).

> Prior bad act evidence that surmounts the bar of Rule 404(b) may still be inadmissible under Rule 403. This rule requires a trial court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice…. Otherwise relevant evidence may also be excluded if its probative value is substantially outweighed by confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*United States v. Varoudakis,* 233 F.3d 113, 121 (1st Cir. 2000) *citing* Fed. R. Evid. 403.

"Usually, courts use the term "unfair prejudice" for evidence that invites the jury to render a verdict on an improper emotional basis." *Id.*

First, Officer Fabiano's prior use of his Department-issued radio would mislead the jury as to its significance because the prior incident did not result in a citizen complaint or discipline by the Boston Police Department.   In fact, there has been no independent or judicial determination as to whether the prior use of Officer Fabiano's Department-issued radio to subdue a gun-wielding suspect was reasonable under those particular circumstances.  *See Berkovich v. Hicks,* 922 F.2d 1018, 1023 (2nd Cir. 1991) (where officer was exonerated in six of seven civilian complaints, the probative value of introducing prior complaints was further lessened, "tilting the scales further toward a finding of undue prejudice.").

Moreover, the introduction of this prior incident would create a mini trial within a trial over whether Officer Fabiano's prior use of his Department-issued radio (which involved a struggle with an armed gunman) was reasonable under those circumstances.   Without establishing that Officer Fabiano's past use of his Department-issued radio to subdue a suspect was reasonable under the circumstances, the jury would be left to infer that Officer Fabiano used excessive force on a prior occasion.  This inference would unduly prejudice Officer Fabiano and detract from the relevant issue of whether Officer Fabiano's actions in attempting to seize the plaintiff by means of his Department-issued radio were unreasonable under the circumstances.

Introducing Officer Fabiano's previous use of his Department-issued radio would only serve as a veiled attempt to prove Officer Fabiano's character through purported prior bad acts. This is *expressly* prohibited by Rule 404(b).  "Evidence of past misconduct cannot be introduced to show the likelihood of such misconduct in the case at hand."  *Lataille,* 754 F.2d at 37.  In this case, evidence of the prior act and/or purported wrong of Officer Fabiano is inadmissible to prove Officer Fabiano's propensity to act in conformance with that conduct.  Officer Fabiano's prior use of his Department-issued radio to subdue a gun wielding suspect has no relevance to

*this* case and introduction of this evidence would cause juror confusion, undue distraction and delay by causing a mini trial within a trial, and would unduly prejudice Officer Fabiano by inviting the jury to find that he intentionally struck the plaintiff through evidence of prior acts.

## CONCLUSION

WHEREFORE, Officers Fabiano and Griffin respectfully move this Honorable Court to allow their motion *in limine* to exclude any evidence of Officer Fabiano's prior use of his Department-issued radio to subdue a suspect.

Respectfully submitted,

DEFENDANTS THOMAS GRIFFIN &
STEPHEN FABIANO,

By:

Eugene L. O'Flaherty
Corporation Counsel

/s/ Amy Bratskeir
Amy Bratskeir, BBO # 662034
Assistants Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4017
Amy.Bratskeir@boston.gov

Date: 4/23/15

## Certificate of Service

I certify that this document, filed through the ECF system on the date listed below, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first class mail to any non-registered participants.

Date: 4/23/15                                      /s/ Amy Bratskeir
                                                   Amy Bratskeir